Alfred U. McKENZIE et al., Plaintiffs,

v.

Thomas F. McCORMICK, Defendant.

Civ. A. No. 974–73.

United States District Court, District of Columbia.

Aug. 26, 1977.

---

Henry Polmer, Washington, D. C., for plaintiffs.

Ann S. DuRoss, Paul M. Tschirhart, Washington, D. C., for defendant.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District Judge:

This matter arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (Title VII) and is another chapter in the ongoing litigation in which the United States Government Printing Office (GPO) is charged with racial discrimination in its Offset Press Section (OPS).

On June 17, 1977, the Government Printing Office issued a Merit Promotion Announcement with respect to four vacant Offset Pressmen positions in the Offset Press Section. The announcement limited the area of consideration to qualified journeyman Letterpressmen employed at GPO.

Immediately thereafter the plaintiffs filed a motion for preliminary injunction seeking to enjoin GPO from filling these vacancies "unless such vacancies are filled either by members of the plaintiff class or on a temporary basis, pending entry of a final remedial order in this action."

The motion for a preliminary injunction came on for hearing on August 18, 1977. The Court has considered the parties' memoranda of points and authorities, the various affidavits, the entire record herein, and the arguments of counsel and concludes that a preliminary injunction should be granted. The following Findings of Fact and Conclusions of Law are entered in accordance with Rule 52, Federal Rules of Civil Procedure.

## FINDINGS OF FACT

Plaintiffs in this action are the class of all past, present and future black employees of the Offset Press Section of the GPO. The class includes, however, only those blacks who have been, are now, or will actually be employed within the OPS, and it does not include blacks currently employed in other GPO sections.

On January 12, 1977, this Court granted a motion for summary judgment filed by plaintiffs, holding that the GPO had engaged in illegal racial discrimination in its promotion practices in the OPS in violation of Title VII. *McKenzie v. McCormick*, 425 F.Supp. 137 (D.D.C.1977). The decision found that GPO promotion policies and procedures relating to the OPS, including its Letterpress Transfer Program, have had an illegal discriminatory impact upon the plaintiffs. The decision also held that the currently employed black workers of the OPS, as class plaintiffs, are entitled to appropriate relief.

Plaintiffs' counsel were directed to prepare an appropriate order which would take into account any changes in the employment pattern and promotional policies affecting black workers during the pendency of this litigation. Toward that end, plaintiffs initiated additional discovery and on

July 5, 1977, submitted two proposed orders for final relief. Those proposed orders are presently under consideration by this Court and provide, *inter alia,* for revision of the OPS's promotion criteria and procedures as well as for revision of its training procedures. In addition, under certain circumstances, the proposed orders provide for promotion preferences for qualified members of the plaintiff class and would restrict the use of the Letterpress Transfer Program, a device which this Court specifically found had an illegal discriminatory impact upon plaintiffs.

On June 23, 1977, the GPO announced that it intended to fill four (4) vacant journeyman Offset Pressman positions in the OPS pursuant to the Letterpress Transfer Program. The journeyman positions which GPO plans to fill in this manner are among those to which members of the plaintiff class have been discriminatorily denied promotions as a result of GPO's illegal promotion practices. The GPO has also announced that it intends in the near future to fill four (4) uprate Web Pressman positions.

In response to plaintiffs' additional interrogatories, GPO indicated that it has made no changes whatsoever in its promotion practices in the OPS during the pendency of this litigation. GPO has also stated that for the indefinite future it intends to fill all vacancies at journeyman levels in the OPS through the Letterpress Transfer Program. If the GPO is allowed to continue operation of the Letterpress Transfer Program, few, if any, journeyman positions will be available to OPS employees for a substantial period of time.

The GPO is unwilling to postpone, pending final relief, the transfer to the OPS of four (4) employees of the Letterpress Section, despite the fact that this Court already has held that this policy violates plaintiffs' Title VII rights. Plaintiffs seek a preliminary injunction restraining defendant, pending entry of a final order in this action, from filling any vacancies in journeyman or supervisory positions within the OPS unless such vacancies are filled either by members of the plaintiff class or on a temporary basis. They further seek to restrain defendant from giving preference to persons filling such positions on a temporary basis when these vacancies ultimately are filled permanently.

Defendants have not shown that filling vacancies on a temporary basis pending final relief in this action will impair the production capacity of the OPS. Filling journeyman positions within the OPS with Offset Press Assistants with three (3) or more years experience in that position and providing such Offset Press Assistants with on-the-job training likewise will not materially impair the production capacity of the OPS.

## CONCLUSIONS OF LAW

1. Plaintiffs have demonstrated that they are entitled to interim injunctive relief. *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d 841 (D.C. Cir. 1977); *Virginia Petroleum Jobbers Ass'n. v. FPC,* 104 U.S. App.D.C. 106, 110, 259 F.2d 921, 925 (1958).

2. Plaintiffs have demonstrated that they will suffer irreparable injury if the injunction they seek is not granted. To allow GPO permanently to fill vacancies pending final relief, through procedures and practices which this Court has held to violate plaintiffs' rights will perpetuate and compound the injuries that plaintiffs already have suffered. Because of the low turnover rate in the OPS, members of the plaintiff class who become eligible for journeyman positions will be deprived of any possible promotion opportunities for a substantial period of time if GPO is allowed, pending final relief, to fill vacancies through the Letterpress Transfer Program. Plaintiffs would also lose valuable opportunities for training and on-the-job experience which could never be recouped. Such experiences are a prerequisite for later promotions and advancements. Further, the final order to be entered by this Court may provide for changes in eligibility criteria or increased training opportunities. Unless this Court acts now to ensure that positions

are available when plaintiffs become eligible for them, there is the possibility that the relief fashioned by the Court could not effectively be implemented.

3. Plaintiffs also have demonstrated that the operation of the OPS will not materially be affected if the injunction here sought is granted. GPO has conceded that filling vacancies on a temporary basis pending entry of a final order will not impair the OPS's production capabilities.

4. The public interest lies in favor of the issuance of interim injunctive relief. The GPO's proposed action, unless enjoined, may seriously undermine or delay implementation of any final relief intended to remedy the injuries plaintiffs have suffered from unlawful promotion practices. Interim injunctive relief to preserve the status quo pending final relief serves the public interest.

5. Plaintiffs have demonstrated that they are likely to prevail on the merits of this action. This Court has already held that plaintiffs' Title VII rights to equal employment opportunities have been violated and that they are entitled to appropriate relief. The GPO has not made any changes in its promotion practices and policies for the OPS during the pendency of this litigation. Its announced intention to continue promotion practices and procedures which this Court has already held to violate Title VII certainly presents a serious legal question. Issuing a preliminary injunction is necessary not only to preserve the status quo pending final relief, but also to prevent the plaintiffs from suffering continuing irreparable injury, and to preserve the Court's ability to fashion and effectively enforce an appropriate final order.

6. GPO's announced intention to file a motion for reconsideration of this Court's January 12, 1977, decision does not change the present determination that plaintiffs have demonstrated that their motion for preliminary injunctive relief should be granted. A motion for reconsideration is not now before this Court and what effect, if any, such a motion will have on the course of this litigation is pure speculation.

Should this Court at a later date grant a motion for reconsideration, it would entertain a further motion to modify or vacate the injunction issued herewith.